Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Graham G. Lambert, SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff Jeannelle Abram
and All Others Similarly Situated

# UNITES STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNELLE ABRAM, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C.R. ENGLAND, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF FEDERAL LABOR STANDARDS ACT**<br><br>**(JURY TRIAL DEMANDED)** |

**CLASS ACTION COMPLAINT**

Plaintiff Jeannelle Abram ("Plaintiff") is informed and believes, and on that basis alleges, as follows:

## NATURE OF THE ACTION

1. This is a collective action for minimum wage and hour violations arising out of Defendant C.R. England, Inc.'s ("Defendant" or "C.R. Engalnd") failure to pay its driver employees for all hours worked. Plaintiff brings this action against Defendant as a collective action under 29 U.S.C. § 216(b) for violation of the FLSA, 29 U.S.C. § 201, et seq.

## PARTIES

2. Plaintiff Jeannelle Abram ("Plaintiff") was, at all relevant times, a resident and citizen of the State of California, and a resident of Lancaster in Los Angeles County. Plaintiff Abram was employed by Defendant in California as a non-exempt employee driver.

3. Defendant C.R. England, Inc., is a business entity and trucking company licensed to do, and doing business, in California.

4. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

5. Plaintiff is informed and believes and thereon alleges that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy

CLASS ACTION COMPLAINT

or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as this claim arises under the laws of the United States; specifically, this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* Venue is proper pursuant to 28 U.S.C. § 1391, because Plaintiff is based out of and was employed in this venue, Defendant transacts significant business in the venue, Defendant directed and controlled Plaintiff in this venue, and Plaintiff has done work for Defendant in the venue.

## FACTUAL ALLEGATIONS

7. Plaintiff and other C.R. England drivers who are part of this collective action (the "Class") worked as drivers for Defendant transporting in interstate commerce goods in trucks. Defendant paid Plaintiff and Class members on a per mile basis.

8. Plaintiff began working for Defendant as a driver based out of California in approximately July 2018, and continues to be employed by Defendant, and has been paid on a per mile basis. Plaintiff drove over-the-road ("OTR") for Defendant, and would be gone on trips for days at a time.

9. While in route to a delivery, Plaintiff and Class members were required to be continuously on duty and, therefore, worked at least 16 hours (if not 24 hours) under 29 CFR § 785.22. Because Plaintiff and Class members were paid based on the number of miles driven, their compensation was tied to the distance travelled. Plaintiff and Class members were not paid for on duty time when not driving, including but not limited to time spent on the road, on inspections, waiting for direction from C.R. England, waiting for completion of pick up or delivery, refueling, and myriad other tasks required by C.R. England. For trips requiring the driver to be on the road for over 24 hours, this resulted in significant uncompensated on-duty time.

10. In many weeks, Plaintiff and other C.R. England drivers were paid less than the minimum wage. As an example, Plaintiff was on the road, away from home hauling interstate loads for Defendant for the week September 25, 2018 through October 2, 2018, and was paid on a per mile basis. The total Plaintiff was paid for that week was $556.80. Assuming Plaintiff was on duty 16 hours a day from September 25, 2018 through October 2, 2018, Plaintiff was paid less than $5 per hour for her time that pay period week, in violation of federal minimum wage laws.

11. At all times during the liability period, Defendant failed to pay Plaintiff and Class members minimum wage for all hours worked. Defendant failed to track Plaintiff and Class members' hours beyond the hours tracked by the US Department of Transportation.

12. C.R. England has violated federal labor laws by failing to pay Plaintiff and other employee drivers the minimum wage for all hours worked

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

13. This action may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), in that the claims of Plaintiffs are similar to the claims of the Putative Class Members.

14. The Putative Class Members are those current and former C.R. England drivers who are similarly situated.

15. There are questions of law and fact arising in this action which are common to plaintiff and all Class Members.

   a) Whether Plaintiffs and the Class are entitled to minimum wages under the FLSA;

   b) Whether Defendant's pay policies as to Plaintiffs and all others similarly situated violate their rights to receive minimum wages.

   c) Whether Defendant's fail to pay Plaintiff and all others similarly situated minimum wage for all on duty, non driving time, under 29 CFR § 785.22.

CLASS ACTION COMPLAINT

16. Plaintiff's claims are typical of the claims of the class in that all the misclassified drivers were treated similarly. Plaintiff will fairly and adequately represent the interest of the members of the class. Plaintiff has retained counsel who are competent and experienced in class action and complex litigation. Plaintiff has no interest which is adverse to, or in conflict with, other members of the class.

17. The common questions of law and fact arising in this action predominate over any questions solely affecting individual Class Members. Without limiting the generality of the foregoing, the factual and legal issues concerning the scope and effects of Defendant's conduct alleged herein are:

    a) Central to Plaintiff's claims;

    b) Substantially identical with respects to each Class Members' burden of demonstrating liability; and

    c) The most important and fundamental issues to be determined at trial.

18. The collective and/or class action mechanism is superior to any alternatives that exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and repetitively decide the same issues relating to the conduct of Defendant.

19. There are no unusual difficulties likely to be encountered in the management of the case as a class action. Class Members can be easily identified from the records of Defendant, which it is required by federal law to maintain, enabling Class Members to have their claims fairly adjudicated by the Court.

20. All potential 216(b) Class members are similarly situated because, among other things, they were employees of Defendant and, upon information and belief, all

CLASS ACTION COMPLAINT

suffered from the same policies of Defendant, including:

    a) They were paid by the job without regard to the number of hours worked;

    b) They each suffered improperly made deductions from their paychecks; and

    c) Defendant failed to pay class members at least the statutory minimum wage for each hour of work as required by the FLSA.

21. Plaintiff brings this collective-action FLSA action on behalf of himself and on behalf of all others similarly situated, defined as follows:

    **Class:** All United States current and former employee drivers for Defendant at any time beginning three years prior to the filing of the complaint through the date notice is mailed to the Class.

22. Plaintiff reserves the right to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or to propose sub-classes, in response to information learned through discovery, legal arguments advanced by Defendant, or otherwise

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

23. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

24. At all relevant times herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

25. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

26. Defendant is subject to the FLSA's minimum wage requirements because it is in interstate commerce and its employees are engaged in commerce.

27. Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of $7.25 per hour, effective July 24, 2009.

28. Defendant knew or should have known that its compensation policy and methodology failed to compensate the drivers at the federal minimum wage.

29. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiffs and other similarly situated employees.

30. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiffs or other similarly situated drivers.

31. Plaintiffs and all similarly situated drivers are victims of a single, similarly applied employer-based compensation policy. In violation of the FLSA, that policy has been applied, and continues to be applied, to all drivers improperly misclassified as independent contractors by Defendant.

32. Plaintiffs and all similarly situated employees are entitled to damages equal to the minimum wage minus *actual* wages received, within three years from the date each Plaintiffs join this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

33. Defendant have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the amount of their unpaid minimum wages. Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

34. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been lawfully withheld by Defendant from

**CLASS ACTION COMPLAINT**

Plaintiffs and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs of this action

**WHEREFORE,** Plaintiff, on behalf of herself and all similarly situated drivers, prays for relief as follows:

(a) Allow other similarly situated C.R. England drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

(b) Declare and find that C.R. England violated FLSA, 29 U.S.C. § 201, et seq. by failing to pay Plaintiff and other similarly situated drivers the federal minimum wage.

(c) An award of damages in the amount of unpaid minimum wages.

(d) Liquidated damages.

(e) Attorneys' fees and costs as allowed by Section 16(b) of the FLSA.

(f) Pre-judgment and post-judgment interest as provided by law.

(g) Injunctive relief in the form of an order directing Defendant to comply with the FLSA.

(h) Such other relief as the Court deems fair and equitable.

DATED: January 24, 2020  **HAFFNER LAW PC**

By:    /s/ Joshua H. Haffner
       Joshua H. Haffner
       Graham G. Lambert
       Attorneys for Plaintiff and others
       Similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class members on all claims so triable.

DATED: January 24, 2020          HAFFNER LAW PC

                                  By:     /s/ Joshua H. Haffner
                                            Joshua H. Haffner
                                            Graham G. Lambert
                                            Attorneys for Plaintiff and others
                                            Similarly situated

# CONSENT TO BECOME A PARTY PLAINTIFF

## Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

I hereby consent to bringing and participating in an action for violations of the Fair Labor Stands Act, 29 U.S.C. §§ 201-219 and any other applicable federal laws or regulations, on behalf of myself and all others similarly situated, in the lawsuit against C.R. England, Inc.

Jeanelle Abram
Name

1752 E. Avenue J., # 147
Address

Lancaster        CA        93535
City             State     Zip

*(signed)* Jeanelle Abram
Signature