1  NOSSAMAN LLP
   DREW HANSEN (SBN 218382)
2  dhansen@nossaman.com
   J. RANDALL BOYER (SBN 290003)
3  rboyer@nossaman.com
   18101 Von Karman Avenue, Suite 1800
4  Irvine, CA 92612
   Telephone:  949.833.7800
5  Facsimile:   949.833.7878
6
7  Attorneys for Defendant
   C.R. ENGLAND, INC.
8
9
10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  JEANNELLE ABRAM, an individual, on behalf of herself and all others similarly situated, | Case No:  2:20-cv-00764 MWF (MRWx) |
| 14 | District Judge:  Michael W. Fitzgerald |
| 15           Plaintiff, | Magistrate Judge: Michael R. Wilner |
| 16       vs. | **DEFENDANT C.R. ENGLAND, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM IN SUPPORT** |
| 17  C.R. ENGLAND, INC.; and DOES 1 through 10, inclusive, | |
| 18           Defendants. | Filed Concurrently With Declaration Of Tiffany Guthrie and [Proposed] Order |
| 19 | |
| 20 | |
| 21 | Date:    March 30, 2020 |
| 22 | Time:  10:00 a.m. Ctrm:  5A |
| 23 | Date Action Filed: January 24, 2020 |
| 24 | |

25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................... - 5 -

II.     RELEVANT BACKGROUND ........................................................ - 6 -

   A.   FACTUAL BACKGROUND ................................................ - 6 -

   B.   PROCEDURAL BACKGROUND ........................................ - 7 -

III.    ARGUMENT ................................................................................. - 8 -

   A.   Plaintiff's Claims Fall Within The Forum-Selection Clause ............ - 9 -

   B.   The Parties' Forum-Selection Clause Must Be Enforced ............... - 11 -

      1.   The Forum-Selection Clause Was Not The Product Of Fraud Or Overreaching .......................................................... - 13 -

      2.   Enforcement Of The Clause Will Not Effectively Deprive Plaintiff Of Her Day In Court ...................................................... - 14 -

      3.   Enforcement Of The Clause Will Not Violate Public Policy .... - 14 -

IV.    CONCLUSION ........................................................................... - 15 -

Case No. 2:20-cv-00764 MWF (MRWx)

DEFENDANT C.R. ENGLAND, INC.'S MOTION TO TRANSFER VENUE

57354116.v2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
    666 F. Supp. 2d 1109 (C.D. Cal. 2009)...............................................15

*Atlantic Marine Const. Co. v. U.S. Dist. Court*,
    571 U.S. 49 (2013) .......................................................8, 11, 12, 14

*Docksider, Ltd. v. Sea Technology, Ltd.*,
    875 F.2d 762 (9th Cir. 1989) .........................................................10

*Doe 1 v. AOL LLC*,
    552 F.3d 1077 (9th Cir. 2009) ........................................................12

*Gibson Brands, Inc. v. John Hornby Skewes & Co.*,
    No. CV 14-00609 DDP SSX, 2014 WL 2206387 (C.D. Cal. May
    28, 2014)...............................................................................14

*Huddleston v. John Christner Trucking, LLC*,
    No. 117CV00925LJOSAB, 2017 WL 4310348 (E.D. Cal. Sept. 28,
    2017)...................................................................................10

*LaCross v. Knight Transportation, Inc.*,
    95 F. Supp. 3d 1199 (C.D. Cal. 2015).........................................9, 10, 14

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972) ...................................................................12

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
    858 F.2d 509 (9th Cir. 1988) ..........................................................9

*Monastiero v. appMobi, Inc.*,
    2014 WL 1991564 (N.D. Cal. May 15, 2014) ........................................14

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*,
    741 F.2d 273 (9th Cir. 1984) .........................................................11

*Richards v. Lloyd's of London*,
    135 F.3d 1289 (9th Cir.1998)........................................................13

DEFENDANT C.R. ENGLAND, INC.'S MOTION TO TRANSFER VENUE

57354116.v2

*Robles v. Comtrak Logistics, Inc.*,
  No. 2:13-CV-00161-JAM-AC, 2015 WL 1530510 (E.D. Cal. Apr.
  3, 2015) .................................................................................... 10, 14

*Silva v. C.R. England, Inc. et al.*,
  No. 17cv2099-LAB, Doc. 26-1 (C.D. Cal. Aug. 27, 2018) ............................. 10

*Simula, Inc. v. Autoliv, Inc.*,
  175 F.3d 716 (9th Cir. 1999) ................................................................. 9

*Sun v. Advanced China Healthcare, Inc.*,
  901 F.3d 1081 (9th Cir. 2018) ................................................ 9, 10, 11, 12, 13, 14

**Statutes**

28 U.S.C. § 1404(a) ...................................................................... 5, 8, 11, 12

28 U.S.C. § 1404(a), Section 1404(a) ...................................................... 8

DEFENDANT C.R. ENGLAND, INC.'S MOTION TO TRANSFER VENUE

57354116.v2

**TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Monday, March 30, 2020, at 10:00 a.m. or as soon thereafter as the Court may allow, in Courtroom 5A of the above-captioned Court, located 350 W. 1st Street, Los Angeles, California 90012, Defendant C.R. England, Inc. will and hereby does move for an order transferring the claims asserted against it by Plaintiff Jeannelle Abram to the United States District Court for the District of Utah.

This motion is made pursuant to 28 U.S.C. § 1404(a) and is based on a mandatory forum selection clause agreed to by the parties. This motion will be based upon this notice of motion, the attached memorandum of points and authorities, the Declaration of Tiffany Guthrie and exhibits thereto in support thereof, the pleadings and papers on file in this action, those matters of which the Court can take judicial notice, and such other evidence and argument as the Court may consider at the hearing on this matter.

This motion is made following a telephonic meet and confer between counsel for the parties pursuant to Local Rule 7-3, which took place on February 18, 2020.

Respectfully submitted,

Date:    March 2, 2020

NOSSAMAN LLP
DREW HANSEN
J. RANDALL BOYER

By:  /s/ Drew Hansen
        Drew Hansen

Attorneys for Defendant
C.R. ENGLAND, INC.

I.    **<u>INTRODUCTION</u>**

Plaintiff Jeannelle Abram's ("Plaintiff") decision to pursue this lawsuit in a California court is improper for several reasons. Not only does it violate her agreement to arbitrate any disputes between her and defendant C.R. England, Inc. ("C.R. England") on an individual basis (*see* C.R. England's Motion to Compel Individual Arbitration filed contemporaneously herewith), it also violates Plaintiff's agreement to a mandatory forum-selection clause requiring her to litigate her purported claims in Salt Lake City, Utah, where C.R. England is headquartered.

Paragraph 9 of the Driver Tuition Reimbursement and Employment Contract ("Contract") that Plaintiff entered into on July 16, 2018 provides that "**any claim, litigation or dispute arising from or related to this Contract shall be litigated in the appropriate federal or state court located in Salt Lake City, Utah.**" (Emphasis added.) Plaintiff's action against C.R. England must therefore be transferred to the United States District Court for the District of Utah. The District of Utah can then decide whether her claims should be compelled to individual arbitration.

Given Plaintiff's agreement to bring her purported claims in a court serving Salt Lake City, Utah—which is presumed valid and enforceable under federal law—C.R. England now brings this Motion to transfer the action to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a). Because Plaintiff cannot meet her heavy burden to establish that enforcement of the mandatory forum-selection clause would be unreasonable and unjust, the chosen venue must be enforced, and this action must be transferred to the United States District Court for the District of Utah.

## II.   RELEVANT BACKGROUND

### A.   FACTUAL BACKGROUND

C.R. England is a Utah corporation founded in 1920 that is headquartered in Salt Lake City, Utah. [Declaration of Tiffany Guthrie ("Guthrie Decl.") ¶ 2.] C.R. England's payroll, accounting, and finance departments, which are responsible for issuing payments to its employees, and its human resources department are all housed in the company headquarters in Salt Lake City, Utah. [*Id.* ¶ 3.]

C.R. England specializes in transporting temperature sensitive freight (such as fresh produce, meat, dairy products, beverages and chemicals) across the country by tractor-trailer for its customers from pick-up point to ultimate destination. [*Id.* ¶ 4.] C.R. England employs truck drivers to transport its customers' freight. [*Id.* ¶ 5.]

As relevant here, Plaintiff entered into a Driver Tuition Reimbursement and Employment Contract (the "Contract") with C.R. England on or about July 16, 2018, in which C.R. England agreed to employ Plaintiff as a truck driver when she met several conditions and she agreed, after those conditions were met, to work as a truck driver for C.R. England. [*Id.* ¶ 7 & Exh. 1.] As compensation for the driving services to be rendered under the Contract, and as consideration for Plaintiff's promises and covenants therein, C.R. England agreed to pay Plaintiff "the wages, benefits and other compensation set forth in [the C.R. England Driver Employee Policy Manual] and as stated by C.R. England from time to time." [*Id.* ¶ 7 & Exh. 1 ¶ 5.] C.R. England also agreed to provide the Driver Tuition Reimbursement Program, reimbursing Plaintiff's tuition upon certain qualifications. [*Id.* ¶ 7 & Exh. 1 ¶ 4.]

In the Contract, Plaintiff also agreed to a mandatory forum-selection clause requiring all non-arbitrable disputes between the parties to be litigated in Salt Lake City, Utah. Indeed, Paragraph 9 of the Contract states in relevant part:

DEFENDANT C.R. ENGLAND, INC.'S MOTION TO TRANSFER VENUE
57354116.v2

> C.R. England and [Plaintiff] hereby agree that this
> Contract and its construction and interpretation shall at
> all times and in all <u>respect</u> be governed by the laws of the
> State of Utah, and any claim, litigation or dispute arising
> from or related to this Contract shall be litigated in the
> appropriate federal or state court located in Salt Lake
> City, Utah. [Plaintiff] hereby consents to personal
> jurisdiction and venue in such court.

[*Id.* Exh. 1 ¶ 9.][1]

## B.   <u>PROCEDURAL BACKGROUND</u>

On January 24, 2020, Plaintiff filed this lawsuit on behalf of herself and a putative class of "[a]ll United States current and former employee drivers for Defendant at any time beginning three years prior to the filing of the complaint through the date notice is mailed to the Class." [Compl. ¶ 21.] Plaintiff asserts that, during the putative class period, she worked for C.R. England as a driver and that she was paid on a per mile basis.  [*Id.* at ¶¶ 8-9.] Plaintiff further alleges that because she was paid by the mile, she was not paid for on-duty time when not driving, such as "time spent on the road, on inspections, waiting for direction from C.R. England, waiting for completion of pick up or delivery, refueling, and a myriad other tasks required by C.R. England." [*Id.* at ¶ 9.] Based on these allegations of uncompensated on-duty, non-driving time, Plaintiff claims C.R. England violated the minimum wage requirement of the Fair Labor Standards Act (the "FLSA") [*Id.* at ¶¶ 23-34.]

---

[1] Paragraph 9 of the Contract also states that "[a]lthough Paragraph 9 shall govern the law and venue for any claims arising from or related to the Contract, it does not apply if [Plaintiff] executes an arbitration agreement with C.R. England.  In that event, the terms of the arbitration agreement shall govern any claims or disputes between [Plaintiff] and C.R. England arising from this Contract; provided, however, that if any such claims are not subject to arbitration for any reason, they shall be decided in accordance with the governing law and venue provisions set forth in this Paragraph 9."

57354116.v2

## III.   <u>ARGUMENT</u>

When parties to a lawsuit have previously agreed to litigate a dispute in a specific forum and one party seeks to evade that agreement by filing the suit in a different forum, the Supreme Court has declared that 28 U.S.C. § 1404(a)[2] "provides a mechanism for enforcement" of the parties' forum-selection agreement and "a proper application of §1404(a) requires that a forum-selection clause be **given controlling weight in all but the most exceptional cases**." *Atlantic Marine Const. Co. v. U.S. Dist. Court*, 571 U.S. 49, 59-60 (2013) (quotations omitted) (emphasis added).

Here, Plaintiff previously agreed to litigate the claims she asserts against C.R. England in the Complaint in Salt Lake City, Utah. As explained above, Paragraph 9 of the Contract provides that:

> C.R. England and [Plaintiff] hereby agree that this Contract and its construction and interpretation shall at all times and in all <u>respect</u> be governed by the laws of the State of Utah, and **any claim, litigation or dispute arising from or related to this Contract shall be litigated in the appropriate federal or state court located in Salt Lake City, Utah**. [Plaintiff] hereby consents to personal jurisdiction and venue in such court.

[Guthrie Decl. Exh. 1 ¶ 9 (emphasis added).] Because Plaintiff's claims fall within the scope of this mandatory forum-selection clause and Plaintiff cannot demonstrate that its enforcement would be unreasonable and unjust, this action must be transferred to the District of Utah.

---

[2] Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

### A.    <u>Plaintiff's Claims Fall Within The Forum-Selection Clause</u>

Federal courts apply federal law to the interpretation and enforcement of forum-selection clauses. *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) (citing *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) and *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512-13 (9th Cir. 1988)). The scope of the claims governed by a forum-selection clause depends upon the language used in the clause. *LaCross v. Knight Transportation, Inc.*, 95 F. Supp. 3d 1199, 1207 (C.D. Cal. 2015). "[F]orum-selection clauses covering disputes 'arising out of' a particular agreement apply only to disputes 'relating to the interpretation and performance of the contract itself.'" *Sun*, 901 F.3d at 1086 (citing *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir.2011)); *see also LaCross*, 95. F. Supp. 3d at 1207. "By contrast, forum-selection clauses covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement." *Sun*, 901 F.3d at 1086; *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (holding that the language "arising in connection with" covers "every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract"); *LaCross*, 95 F. Supp. 3d at 1207. It is well-settled that a broad forum-selection clause can apply to both contractual and non-contractual causes of action. *Manetti-Farrow*, 858 F.2d at 514; *Sun*, 901 F.3d at 1086 ("The dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract").

Here, the forum-selection clause agreed to by Plaintiff and C.R. England provides that "**any** claim, litigation or dispute **arising from or related to** this Contract **shall** be litigated in the appropriate federal or state court located in Salt Lake City, Utah." [Guthrie Decl. Exh. 1 ¶ 9 (emphasis added).] This language has a broad reach that encompasses the purported claims Plaintiff asserts in the

DEFENDANT C.R. ENGLAND, INC.'S MOTION TO TRANSFER VENUE

57354116.v2

Complaint. The Contract governed the working relationship between C.R. England and Plaintiff, including the "wages, benefits and other compensation" C.R. England paid Plaintiff "[a]s compensation for [her] driving services under th[e] Contract." [Guthrie Decl. Exh. 1 ¶ 5.]

Plaintiff's claims for minimum wage violations arising under the FLSA thus clearly are "related to" the Contract and fall within the scope of the forum-selection clause in the event they are not arbitrable. *See, e.g., Sun*, 901 F.3d at 1086 (holding forum-selection clause covering any disputes "related to" agreement covered statutory claims); *Silva v. C.R. England, Inc. et al.*, No. 17cv2099-LAB, Doc. 26-1 at 3-5 (C.D. Cal. Aug. 27, 2018) (holding that forum-selection clauses including phrases like "relating to" and "in connection with" are broad enough to encompass statutory claims); *Huddleston v. John Christner Trucking, LLC*, No. 117CV00925LJOSAB, 2017 WL 4310348, at *7 (E.D. Cal. Sept. 28, 2017) (holding that forum-selection clause covering any claim "arising from or in connection with" a contractor agreement was sufficiently broad to cover claims for violation of a variety of state and federal labor statutes); *LaCross,* 95 F. Supp. 3d at 1207 (holding that clause covering any claim "related to" contractor agreement covered California Labor Code claims); *Robles v. Comtrak Logistics, Inc.,* No. 2:13-CV-00161-JAM-AC, 2015 WL 1530510, at *4 (E.D. Cal. Apr. 3, 2015) (same).

The language of the forum-selection clause is also mandatory; i.e., it provides that Salt Lake City is not only a permissible forum for disputes between Plaintiff and C.R. England, but also that Salt Lake City is the ***only*** permissible forum for such disputes to the extent the claims are not subject to individual arbitration. *See Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (holding that clause stating that "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia" was mandatory and made

DEFENDANT C.R. ENGLAND, INC.'S MOTION TO TRANSFER VENUE
57354116.v2

1   clear that venue lies exclusively in the designated county); *see also Pelleport*

2   *Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984)

3   (holding that clause stating that "all disputes … shall be litigated only in the

4   Superior Court for Los Angeles County" required suit to be litigated in L.A.

5   County court ), *abrogated on other grounds by Powerex Corp. v. Reliant Energy*

6   *Servs., Inc.*, 551 U.S. 224 (2007) .

7          **B.**    **The Parties' Forum-Selection Clause Must Be Enforced**

8        "When the parties have agreed to a valid forum-selection clause, a district

9   court should ordinarily transfer the case to the forum specified in that clause. Only

10  under extraordinary circumstances unrelated to the convenience of the parties

11  should a Section 1404 motion be denied." *Atlantic Marine,* 571 U.S. at 62; *see also*

12  *Sun*, 901 F.3d at 1087.

13       Typically, a district court considering a Section 1404(a) motion must

14  evaluate various private and public interest considerations to determine whether,

15  on balance, a transfer would serve "the convenience of parties and witnesses" and

16  otherwise promote "the interest of justice." *Atlantic Marine,* 571 U.S. at 62-63

17  (quoting 28 U.S.C. § 1404(a)). However, as the Supreme Court made clear in

18  *Atlantic Marine*, a Section 1404(a) motion based on a valid forum-selection clause

19  "requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.*

20  at 63.

21       First, "the plaintiff's choice of forum merits no weight." *Id.* "[W]hen a

22  plaintiff agrees by contract to bring suit only in a specified forum …, the plaintiff

23  has effectively exercised [her] 'venue privilege' before a dispute arises." *Id.* "Only

24  that initial choice deserves deference, and the plaintiff must bear the burden of

25  showing why the court should not transfer the case to the forum to which the

26  parties agreed." *Id*. at 63-64.

27

28

DEFENDANT C.R. ENGLAND, INC.'S MOTION TO TRANSFER VENUE

57354116.v2

Second, the district court "should not consider arguments about the parties' private interests." *Id*. at 64. When a party agrees to a forum-selection clause, it "waive[s] the right to challenge the preselected forum as inconvenient or less convenient for [itself] or [its] witnesses, or for [its] pursuit of litigation." *Id*. The district court "accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum," meaning that it "may consider arguments about public-interest factors only," which "will rarely defeat a transfer motion." *Id*.

Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances could affect the Court's evaluation of public-interest considerations." *Id*.

Thus, "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 66. "In all but the most unusual cases, [ ] 'the interest of justice' is served by holding the parties to their bargain." *Id.*; *Sun*, 901 F.3d at 1088 ("The practical result is that a forum-selection clause 'should control except in unusual cases.'").

Accordingly, the forum-selection clause in Plaintiff's Contract with C.R. England is "prima facie valid" and should be enforced unless Plaintiff can "clearly show that enforcement would be unreasonable and unjust." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *see also Atlantic Marine*, 571 U.S. at 63 (A "valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases"); *Doe 1*, 552 F.3d at 1083 ("[a] forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable.").

DEFENDANT C.R. ENGLAND, INC.'S MOTION TO TRANSFER VENUE

57354116.v2

Both the Supreme Court and the Ninth Circuit have construed this exception narrowly, identifying only three circumstances in which a party challenging a forum-selection clause may demonstrate that it is unreasonable: "first, if the inclusion of the clause in the agreement was the product of fraud or overreaching; second, if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and third, 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" *Richards v. Lloyd's of London,* 135 F.3d 1289, 1294 (9th Cir.1998) (citing *M/S Bremen*, 407 U.S. at 12-13, 15, 18); *see also Sun*, 901 F.3d at 1088. Plaintiff cannot demonstrate that any of these three circumstances are present here.

### 1. The Forum-Selection Clause Was Not The Product Of Fraud Or Overreaching

First, Plaintiff cannot show that the forum-selection clause was the product of fraud or overreaching. She does not allege that it was, nor could she credibly do so. Indeed, Plaintiff voluntarily entered into the Contract containing the forum-selection clause and there was nothing fraudulent whatsoever about that process. Indeed, Plaintiff and C.R. England's Agreement specifically provides that "[Paragraph] 9 is optional and not a condition of employment." [Guthrie Decl. Exh. 1, ¶¶ 8-9.] Further, Plaintiff was provided with the right to reject that specific provision "without affecting [her] eligibility for employment with C.R. England" by sending an e-mail, either immediately or within 14 days of her signing the agreement, "indicating that [she] rejects Paragraph 9 of this Contract." [*Id.*] C.R. England did not receive anything from Plaintiff at any time indicating her rejection of the forum-selection clause. [Guthrie Decl. ¶ 9.] Accordingly, the forum-selection clause was not the product of fraud or overreaching.

DEFENDANT C.R. ENGLAND, INC.'S MOTION TO TRANSFER VENUE
57354116.v2

**2.**      <u>Enforcement Of The Clause Will Not Effectively Deprive</u>
<u>Plaintiff Of Her Day In Court</u>

Second, Plaintiff cannot show that enforcement of the forum-selection clause would effectively deprive her of her day in court. To the extent that she argues that transfer to the District of Utah will cause her increased costs or inconvenience that will prevent her from continuing her case, she "waive[d] the right to challenge the preselected forum as inconvenient or less convenient" when she agreed to the clause. *Atlantic Marine*, 571 U.S. at 64. Put another way, Plaintiff's ability to bear the costs and inconvenience of litigation in Utah is a "private interest" that may not be considered under the Supreme Court's decision in *Atlantic Marine. See, e.g., Sun*, 901 F.3d at 1093 (holding that where plaintiffs would retain remedies in the forum mandated by a contract, they had not carried their heavy burden to demonstrate that enforcement of the contract would deprive them of their day in court); *LaCross*, 95 F. Supp. 3d at 1205 (after *Atlantic Marine*, "considerations of [plaintiff's] financial ability" may not be taken into account in determining whether to enforce forum-selection clause); *Robles,* 2015 WL 1530510, at *5; *Monastiero v. appMobi, Inc.,* 2014 WL 1991564, at *3 (N.D. Cal. May 15, 2014) (plaintiff's ability to bear costs and inconvenience of litigating in selected forum are "factors that the Supreme Court in *Atlantic Marine* deemed 'private interests' that the Court may not consider").

**3.**      <u>Enforcement Of The Clause Will Not Violate Public Policy</u>

Finally, Plaintiff cannot establish that enforcement of the forum-selection clause would "contravene a strong public policy" of the forum in which she filed suit (i.e., California). Plaintiff asserts claims under the FLSA. Utah's federal courts are just as competent to interpret and apply federal law as are California's. *See Gibson Brands, Inc. v. John Hornby Skewes & Co.*, No. CV 14-00609 DDP SSX, 2014 WL 2206387, at *4 (C.D. Cal. May 28, 2014) ("Federal district courts are

DEFENDANT C.R. ENGLAND, INC.'S MOTION TO TRANSFER VENUE

57354116.v2

1   equally capable of applying federal law"); *Allstar Mktg. Grp., LLC v. Your Store*
2   *Online, LLC*, 666 F. Supp. 2d 1109, 1133 (C.D. Cal. 2009) ("Court's in this district
3   and the Eastern District of Wisconsin are equally capable of applying federal
4   law").

5   **IV.    CONCLUSION**

6          Based upon the foregoing, C.R. England respectfully requests that the Court
7   grant this Motion and transfer the action to the United States District Court for the
8   District of Utah.

9                                          Respectfully submitted,

10  Date:    March 2, 2020                  NOSSAMAN LLP
11                                          DREW HANSEN
                                            J. RANDALL BOYER

13                                          By:  /s/ Drew Hansen
                                                    Drew Hansen

15                                          Attorneys for Defendant
                                            C.R. ENGLAND, INC.

DEFENDANT C.R. ENGLAND, INC.'S MOTION TO TRANSFER VENUE
57354116.v2