**THE KICK LAW FIRM, APC**
Taras Kick (State Bar No. 143379)
(taras@kicklawfirm.com)
Daniel J. Bass (State Bar No. 287466)
(daniel@kicklawfirm.com)
815 Moraga Drive
Los Angeles, California 90049
Telephone:   (310) 395-2988
Facsimile:    (310) 395-2088

Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Graham G. Lambert, SBN 303056
(gl@haffnerlawyers.com)
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682
Facsimile: (213) 514-5682

Attorneys for Plaintiff Jeannelle
Abram and All Others Similarly
Situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNELLE ABRAM, an individual, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>C.R. ENGLAND, INC.; and DOES 1 through 10, inclusive,<br><br>                    Defendant. | CASE NO. 2:20-CV-00764-MWF-MRW<br><br>**PLAINTIFF'S OPPOSITION RE: NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**<br><br>Hearing Date: March 30, 2020<br>Hearing Time:  10:00 a.m.<br>Courtroom:  5A<br><br>(Assigned For All Purposes To The Hon. Michael W. Fitzgerald) |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.  Introduction.**

Plaintiff Jeannelle Abram ("Plaintiff") brings the instant Collective and Class Action Complaint on behalf of truck drivers employed by Defendant C.R. England ("Defendant") for violations of the Fair Labor Standards Act ("FLSA").  Defendant predominately paid its drivers on a per mile basis and violated minimum the FLSA by failing to pay its employee drivers minimum wage for all hours worked, when on the road for over 24 hours.

Defendant's motion to compel arbitration lacks merit.  Defendant's arbitration agreement is not enforceable under the FAA under *New Prime, Inc. v. Oliveira*, 139 S.Ct. 532 (2019).  Indeed, Defendant wholly ignores *Oliveira,* and does not cite or acknowledge it anywhere in its motion.  However, as stated in *Oliveira*, the FAA does not apply to Plaintiff and the Class because as truck drivers they are engaged in interstate commerce and are thus exempt from it under 9 U.S.C. §1.

In addition, Defendant's effort to enforce arbitration under Utah law fails because the arbitration provision is ambiguous in that it states it is to be "governed and construed in accordance with" the FAA "and/or" Utah.  Defendant's use of the term "and/or" renders the provision ambiguous, as the outcomes are entirely different under the FAA and Utah law.  Many Courts, including the United States Supreme Court, have held that the use of two potentially applicable choices of law creates an ambiguity that is construed against the drafter.  *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995). Here, the ambiguity must be resolved in Plaintiff's favor, and construed as calling for the arbitration provision to be "governed and construed in accordance with" the FAA, and arbitration should be denied pursuant to *Oliveira*.

Accordingly, for the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendant's motion to compel arbitration in its entirety.

## II.     Pertinent Background.

Defendant specializes in moving goods in trucks throughout the United States and is engaged in interstate commerce.  Complaint, ¶¶ 3, 7, 26.  Plaintiff has been employed by Defendant as a truck driver since approximately July 2018 and is presently employed by Defendant. *Id.* at ¶ 8.  Plaintiff was paid on a per mile travelled basis, and worked over-the-road driving across country for multiple days at a time.  *Id.* at ¶¶ 7-8.  Under 29 C.F.R. §785.22, Defendant must pay drivers when they are on the road over 24 hours for all time and can exclude at most eight hours as sleeper birth time.  *Montoya v. CRST Expedited, Inc.* (2019) 404 F.Supp.3d 364, 394 (D.Mass. 2019) ("under the regulations, other than the eight hours in the sleeper-berth when drivers are permitted to sleep, and meal times, the DOL regulations provide employees are 'working'"); *Brown v. P.A.M. Transport, Inc.*, 2018 WL 5118449, *2 (W.D. Ark. 2018) (under 29 C.F.R § 785.22 "when an employee is required to be on duty for 24 hours, his employer must pay him for at least 16 of those hours, even if he has spent more than 8 hours sleeping and eating during that 24-hour period"); *Browne v. P.A.M. Transport, Inc.*, 2020 WL 412126, *3 (W.D. Ark 2020) (refusing to decertify FLSA collective action predicated on section 785.22); and *Julian v. Swift Transportation Incorporated*, 2018 WL 6831963, *16 (D.Ariz. 2018) ("truck drivers, just like all other employees, are subject to § 785.22 when they are on duty for 24 hours or more").  Because under Defendant's policies drivers are primarily paid on a per mile basis, Defendant require that its drivers work many hours for which they are not paid minimum wage.  Plaintiff and the Class consistently worked on trips exceeding 24 hours, and were paid less than minimum wage for each hour worked. *Id.* at ¶¶ 8, 10.

## III.    Legal Argument.

Defendant's motion to compel arbitration should be denied as it is not enforceable under the FAA and is ambiguous such that arbitration cannot be compelled under Utah law.

Plaintiff's Opposition To Motion To Compel Arbitration

### A. The Arbitration Agreement Is Not Enforceable Under The FAA.

Section 1 of the FAA provides that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. §1.

Just as in this case, *Oliveira* involved a FLSA action on behalf of truck drivers. *Id.* at 534. There, the defendant trucking company moved to compel arbitration, and the driver relied on section 1 of the FAA to argue he was a transportation worker, and thus could not be compelled to arbitration under the FAA. *Oliveira* held that "a court should decide for itself whether § 1's 'contracts of employment' exclusion applies before ordering arbitration." *Id.* at 537. *Oliveira* held that before arbitration could be compelled under the FAA, "a court must first know whether the contract itself falls within or beyond the boundaries of §§ 1 and 2." *Id.* *Oliveira* held that an arbitration provision is only enforceable under the FAA "if the contract in which the clause appears doesn't trigger § 1's 'contracts of employment' exception." *Id.* at 538. *Oliveira* concluded that "§ 1 excludes from the Act's compass 'contracts of employment of . . . workers engaged in . . . interstate commerce.'" *Id.* at 538-539. Just as in *Oliveira*, the exclusion in Section 1 of the FAA applies to the drivers at issue in this action, who are all interstate transportation workers. *Id.* at 539 ("everyone before us agrees that Mr. Oliveira qualifies as a 'worker[ ] engaged in . . . interstate commerce"). Plaintiff declares she drove for Defendant "throughout the United States, across state lines, and in interstate commerce." (Declaration of Plaintiff Jeanelle Abram ("Abram Decl."), ¶2.) Defendant also admits in its moving papers that it "specializes in transporting its customers' temperature-sensitive freight ... throughout the United States." Dkt. No. 18, p.7 of 15, lines 10-12. Under, *Oliveira*, Defendant's arbitration provision is not enforceable under the FAA.

The contract relied upon by Defendant states that the arbitration provision "shall be governed and construed in accordance with the Federal Arbitration Act

('FAA'), 9 U.S.C. §§ 1, *et seq*., and/or the laws of the State of Utah (without regard to conflict of law principles), including but not limited to, the Utah Uniform Arbitration Act ('UUAA'), Utah Code §§ 78B-11-101, *et seq*." Dkt. No. 18-3, p.2 of 4, ¶4 (Governing Law).  Per the contractual terms, the arbitration provision is to be construed pursuant to Section 1 of the FAA.  Pursuant to *Oliveira*, because Plaintiff is a transportation worker in interstate commerce, Plaintiff's FLSA claims are not subject to arbitration under the Section 1 of the FAA.

Remarkably, although *Oliveira* is recent controlling precedent directly on point, Defendant ***does not*** cite to *Oliveira* in moving to compel arbitration.  This is wholly improper and demonstrates that Defendant's motion lacks merit.

**B. Utah Law Cannot Be Applied To Compel Arbitration.**

Arbitration, which is not available under the FAA, also cannot be compelled in this case under Utah law.

1. *The Arbitration Provision is an Ambiguous Contract of Adhesion*

"Under California law, 'ambiguities in contract language are to be resolved against the drafter." *Smith v. Simmons*, 408 Fed.Appx. 88, 90 (9th Cir. 2010).  Similarly, under Utah law, "ambiguities should be construed against the drafter." *Wilburn v. Interstate Electric*, 748 P.2 582, 585 (Utah Ct. App. 1988).  "We recognize the well-accepted rule that ambiguities in contracts are construed against the drafter." *Dumais v. American Golf Corp.*, 299 F.3d 1216, 1219 (10th Cir. 2002).

> "Like any contract, the goal of construing a choice of laws provision is to determine the intent of the parties.  Any ambiguity is to be construed against the drafter." *Calabrese Foundation, Inc. v. Investment Advisors, Inc.*, 831 F.Supp. 1507, 1511 (D. Colo. 1993) (internal citations omitted).

"The rule requiring the resolution of ambiguities against the drafting party 'applies with peculiar force in the case of a contract of adhesion.'" *Graham v. Scissor Tail, Inc.*, 28 Cal.3d 807, n.16 (1981).

Here, the arbitration provision is in a contract of adhesion, which Plaintiff has no opportunity to negotiate and had to accept in order to work for Defendant.

5

(Abram Decl., ¶¶3-4.)  The arbitration provision states that it will be "governed and construed in accordance with" the FAA "and/or" Utah law.  The term "and/or" is ambiguous as to which law applies. This ambiguity must be construed against Defendant, as Defendant drafted the provision.

Multiple courts have found choice of law provisions to be ambiguous in similar circumstances where there were two potentially applicable bodies of law. In *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995), the United States Supreme Court addressed a contract where one provision stated "that the entire agreement 'shall be governed by the laws of the State of New York,'" and another stated that arbitration shall "in accordance with the rules of the National Association of Securities Dealers (NASD)." *Id*. at 59.  The rules of these two respective forums were in conflict as to the availability of punitive damages. *Id*. at 64.  The *Mastrobuono* Court interpreted this ambiguity against the drafting party, holding that "respondents cannot overcome the common-law rule of contract interpretation that a court should construe ambiguous language against the interest of the party that drafted it." *Id*. at 63.  Other cases are in accord that where there are two conflicting choice of law provisions, an ambiguity is created. *Eastman v. Life Ins. Co. of North America*, 322 F.Supp.3d 1255, (M.D. Ala. 2018) ("the Court concludes that the contract at issue here is ambiguous insofar as it has two choice of law provisions that conflict"); *Morgan Home Fashions, Inc. v. UTI, U.S., Inc.*, 2004 WL 1950370, *3 (D. N.J. 2004) (finding an ambiguity in a choice of law provision that provided agreement  "shall be construed according to the laws of the State shown on the reverse side thereof" but on the reverse side there were New Jersey and New York addresses, and "no other clarifying language  . . . which would definitively point to the application of either address").

Indeed, Defendant's use of the term "and/or" as to whether FAA or Utah law should be used is inherently ambiguous.  "The expression 'and/or' . . . has met with widespread condemnation. . . .  It lends itself . . . as much to ambiguity as to

brevity." *Ex Parte Bell*, 19 Cal.2d 488, 499-500 (1942).  Courts have described it as the "oft condemned and ambiguous term 'and/or,' which contains both the conjunctive 'and' and the disjunctive 'or.'"  *State Ex Rel North Carolina Utilities Comm'n v. McKinnon*, 254 N.C. 1, 13 (1961).  Numerous cases have held that a contract that uses the term "and/or" creates an ambiguity.  *ATS Intern, Inc. v. LAP Distribution PTE Ltd.*, 2011 WL 6960971 (D. Minn. 2011) ("[t]he Court finds that the . . . use of the ambiguous term 'and/or,' . . . make the provision not only 'not clear' but also ambiguous as a matter of law"); *Quinn v. BJC Health Sys.*, 364 F.Supp.2d 1046, 1050, n.4 (E.D. Mo. 2005) ( "[o]rdinarily, the Court refrains from using the term 'and/or'  because the Court finds it to be ambiguous"); *Podany v. Erickson*, 49 N.W.2d 193, 196 (D. Minn. 1951) (discussing "the ambiguity and confusion bred by" the "and/or" term and stating "this case presents an appropriate opportunity for us to add our condemnation of the indiscriminate use of this Janus-faced term").

Indeed, case law has found that the term "and/or" is particularly ambiguous with respect to *which* of two options is being referred to.  "[T]he use of the grammatical generality 'and/or [is] so vague and uncertain that it is of very slight probative force on the question of . . . *which* of the two parties therein named in the conjunctive and disjunctive" is chosen.  *Tulsa County Truck & Fruit Growers Ass'n v. McMurphey*, 90 P.2d 927, 930 (1939) (emphasis added).  In *Sperry v. Tammany*, 106 Cal.App.2d 694 (1951), a car was registered to "'Lieutenant Commander Frank H. Tammany and/or Jean S. Tammany,'" and the court held "the term 'and/or' in this case is ambiguous and uncertain." *Id*. at 696.

Under case precedent, any "ambiguity created by the use of the words 'and/or *should . . . be resolved against the [party that] drew the contract*."  *Apex Mining Company v. Chicago Copper & Chemical Co.*, 306 F.2d 725, 728 (8th Cir. 1962) (emphasis added); *see also Newlon v Newlon*, 310 Ky. 737, 740 (1949) ("Since Dr.

**Plaintiff's Opposition To Motion To Compel Arbitration**

1  Merle must be charged with the use of the indefinite and ambiguous [and/or] term, it
2  will be construed against him").

3          Here, Defendant drafted the contract, and elected to use the term "and/or" in
4  stating that arbitration "shall be governed and construed in accordance with" the
5  FAA "and/or" Utah Uniform Arbitration Act.   Dkt. No. 18-3, p.2, ¶4.  This is both
6  disjunctive and conjunctive, and creates an ambiguity as to **which** one is to be used.
7  The arbitration agreement cannot be "governed and construed in accordance with"
8  *both* the FAA and Utah law.  Rather, one must be picked.  To the extent individual
9  arbitration is enforceable under Utah law in this case (and Defendant has not made
10  that showing), the diametrically different outcome Defendant seeks creates
11  ambiguity.  Resolving the ambiguity against Defendant, means that arbitration is
12  "governed and construed in accordance with" the FAA.  Under *Oliveira*, Plaintiff's
13  claims cannot be compelled to arbitration under the FAA.

14          Defendant relies on *Cillufo v. Cent. Refrigerated Servs., Inc.*, 2012 WL
15  8523507 (C.D. Cal. 2012) in support of the argument Utah law should be applied to
16  compel arbitration.  Dkt No. 18, p.12.  However, *Cillufo* supports Plaintiff's position
17  that an ambiguity exists.  The *Cillufo* Court heavily relied on an express provision
18  regarding selection of Utah law should the FAA not apply – a provision wholly
19  absent in this case.  In *Cilluffo*, the arbitration provision provided as follows:

20          "Any dispute . . . arising in connection with or relating to this
            Agreement [to arbitrate], its terms, or its implementation . . .
21          will be fully and finally resolved by arbitration in accordance
            with . . . the Federal Arbitration Act . . . ***or, if the Federal***
22          ***Arbitration Act is held not to apply, the arbitration laws of the***
            ***State of Utah***."  *Cilluffo*, *supra*, at *1(emphasis added).
23

24          The *Cilluffo* Court found that arbitration did not apply to the truck drivers'
25  FLSA claim under § 1 of the FAA.  *Id.* at *3-5.  In enforcing arbitration under Utah
26  law, *Ciffullo* specifically cited to and relied on the above choice of law language:
27  "In the Agreements, the arbitration clause states that, ***if the FAA is held not to***
28  ***apply, the 'arbitration laws of the State of Utah' would govern***."  *Id.* at *5

1   (emphasis added).  Indeed, the choice of law language was so important to *Cilluffo*'s

2   decision, it made multiple references to it.  *See also id.* at *6 ("here, the parties

3   explicitly agreed to have the arbitration laws of Utah govern, in the event that the

4   FAA was held not to apply") and *id.* at *6 ("the parties agreed that state arbitration

5   law would apply in the event that the FAA was inapplicable").

6        The choice of law language in *Cillufo* is **materially different** than the

7   language at issue in this case.  Notably, although *Ciffullo* case was handled by the

8   same counsel representing the Defendant, here Defendant does *not* cite to the choice

9   of law language relating to the arbitration clause at issue in *Cilluffo*.  Here, the

10  arbitration states that it will be "governed and construed in accordance with" the

11  FAA "and/or" Utah law.  Unlike in *Cilluffo*, in this case there is *no provision* stating

12  that Utah law shall apply if the FAA does not apply to compel arbitration.  Under

13  these circumstances, the interpretation is governed by *Mastrobuono*, *Eastman*, and

14  *Morgan Home Fashions*, and the other cases cited above, and there exists an

15  ambiguity that must be resolved against Defendant.

16       Defendant's position is that it is allowed to cherry pick whichever law would

17  enforce the arbitration.  However, the term "and/or" that Defendant employed

18  simply does not provide for that.  Moreover, Defendant's preferred interpretation

19  faces another legal obstacle.  If Defendant is allowed to simply pick whichever law it

20  prefers based on outcome, the arbitration agreement is one-sided, illusory and

21  unenforceable.  *Dumais*, *supra*, 299 F.3d at 1219 ("We join other circuits in holding

22  that an arbitration agreement allowing one party the unfettered right to alter the

23  arbitration agreement's existence or its scope is illusory." )

24       Defendant's arbitration provision is ambiguous and that ambiguity is fatal to

25  Defendant's attempt to compel arbitration.

26              2.   *Defendant's Agreement is Unenforceable Under Utah Law*

27       Even if the agreement was not ambiguous,  Defendant has not shown and

28  cannot show individual arbitration and Defendant's class action waiver would be

enforced under Utah law.   Defendant only cites Utah's statute, which allows for legal or equitable revocation.   Dckt. 18, page 10 of 15, lines 17 through 22.)   Some states' law, like California's, do not enforce class action waivers unless compelled to do so by the FAA.   *Discover Bank v. Superior Court*, 36 Cal.4th 148 (2005) (disapproved on other grounds).   Defendant has made no effort to show a class action waiver would be enforceable under Utah law.   Indeed, Utah law, like California law, allows arbitration agreements to be revoked "upon a ground that exists at law."   Utah Code §78B-11-107(1).   Unconscionability, the grounds for refusing to enforce a class action waiver in *Discover Bank*, is a defense that exists at under Utah law as well, looking to procedural and substantive unconscionability facts to make that finding.   See *Sosa v. Paulos*, 924 P.2d 357, 360-361 (Utah 1996).

Procedural unconscionability focuses on the manner in which the contract or provision at issue was entered into and the relative bargaining power of the contracting parties. *Ryan v Dan's Food Stores, Inc.,* 972 P.2d 395, 403 (Utah 1998). The Court, if it applies Utah law, should ask whether there was "overreaching by a contracting party occupying an unfairly superior bargaining position." *Ryan*, 972 P.2d at 403.   Utah courts are guided in this inquiry by consideration of the following non-exclusive list of factors:

> (1) whether each party had a reasonable opportunity to understand the terms and conditions of the agreement; (2) whether there was a lack of opportunity for meaningful negotiation; (3) whether the agreement was printed on a duplicate or boilerplate form drafted solely by the party in the strongest bargaining position; (4) whether the terms of the agreement were explained to the weaker party; (5) whether the aggrieved party had a meaningful choice or instead felt compelled to accept the terms of the agreement; and (6) whether the stronger party employed deceptive practices to obscure key contractual provisions.

*Id.* at 403 (quoting *Sosa v. Paulos*, 924 P.2d at 362).

Here, Defendant's Arbitration agreements are procedural unconscionable, because Plaintiff had no reasonable opportunity to understand or negotiate the terms of the agreement. Abram Decl. at ¶¶ 3-4. The Defendant offered a form agreement on a take it or leave it basis that Plaintiff was required to sign should she want to

work for the Defendant which she was financially obligated to do in order to make a living and fulfill her obligations to Defendant after attending its driving school. *Id*.; *see also* Dkt. No. 18-2 and 18-3.   Finally, Defendant deceptively buried its arbitration agreements in fine print as part of its driving school process. *Id*.

Substantive unconscionability focuses on the contents of the contract and the "relative fairness of the obligations assumed." *Res. Mgmt. Co. v. Weston Ranch & Livestock Co.,* 706 P.2d 1028, 1041 (Utah 1985); *accord Ryan v. Dan's Food Stores, Inc.*, 972 P.2d at 402.  Put another way, substantive unconscionability occurs when it would leave all "decent, fair-minded" people with a "profound sense of injustice." *Woodhaven Apts. v. Washington*, 942 P.2d 918, 925 (Utah 1997).  Here, given the FAA does not apply Defendant's class action waiver makes its arbitration agreements unconscionable. *See Discover Bank v. Superior Court*, 36 Cal.4th 148 (2005).  Defendant has a long history of requiring individual arbitrations brought by its employees so they are left without the resources to seek recourse, while selling off its own claims to collection agencies as it realizes individual recovery is outweighed by the time and expense of arbitration.  See *Owner-Operator Independent Drivers Association, Inc. v. C.R. England, Inc.,* 325 F. Supp. 2d 1252, 1261-62 (D. Utah 2004)(finding "the relatively small amount of the claims effectively deter use of the arbitration… C.R. England refers or sells all of its claims against its former drivers to collection agencies… [and] has not submitted a single one of its 2,591 claims under the Operating Agreements to arbitration.")

Defendant has not met its burden if showing that Utah law would compel individual arbitration under these circumstances.  Even if Defendant was entitled to cherry-pick Utah's law, the arbitration agreement would still be unconscionable and therefore unenforceable.

## IV.   Conclusion.

For the reasons set forth herein, Defendant's motion should be denied in its entirety.

1   Dated:  March 9, 2020                    Respectfully Submitted,

2

3

4                                    By:    /s/ Daniel J. Bass

5                                           **THE KICK LAW FIRM, APC**
                                            Taras Kick
6                                           Daniel J. Bass

7                                           **HAFFNER LAW PC**

8                                           Joshua H. Haffner
                                            Graham G. Lambert
9
                                            Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff's Opposition To Motion To Compel Arbitration**